UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DOUGLAS TAYLOR,<br>    Petitioner, | Case No. 1:19-cv-273 |
| vs. | Cole, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on respondent's return of writ (Doc. 8) and petitioner's reply. (Doc. 10). For the reasons stated below, the undersigned recommends that the petition be denied on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

**I. PROCEDURAL HISTORY**

**State Trial Proceedings**

On October 15, 2004, the Clinton County, Ohio, grand jury returned a twenty-nine-count indictment charging petitioner with sixteen counts of rape pursuant to Ohio Rev. Code § 2907.02(A)(1)(b), four counts of rape pursuant to § 2907.05(A)(2), and nine counts of gross sexual imposition. (Doc. 7, Ex. 1). Petitioner, through counsel, entered a plea of not guilty by reason of insanity and requested a competency evaluation. (Doc. 7, Ex. 3). After the trial court ordered a competency evaluation, it determined that petitioner was competent to stand trial and was not criminally insane at the time of the alleged crimes. (*See* Doc. 7, Ex. 4-6). However, on March 25, 2005, the trial court dismissed the charges against petitioner as part of a negotiated settlement in a separate criminal case, Case No. CRI 2005-5084. (Doc. 7, Ex. 7).

In that case, petitioner was charged with four counts, including three counts of rape

pursuant to § 2907.02(A)(2) and one count of gross sexual imposition pursuant to § 2907.05(A)(4). (Doc. 7, Ex. 8). Petitioner executed a waiver of indictment and consented to be charged by information alone. (Doc. 7, Ex. 11). Petitioner entered a signed guilty plea. (Doc. 7 Ex. 12). The trial court accepted the plea and found petitioner guilty as charged in the indictment. (Doc. 7, Ex. 13). On March 25, 2005, petitioner was sentenced to a total aggregate prison sentence of thirty (30) years in the Ohio Department of Corrections. (Doc. 7, Ex. 14).

### Delayed Direct Appeal

On October 3, 2006, petitioner filed a pro se untimely notice of appeal and motion for leave to file a delayed appeal. (Doc. 7, Ex. 17, 18). On November 16, 2006, the Ohio Court of Appeals denied petitioner's motion. (Doc. 7, Ex. 19).

Petitioner did not seek further review in the Ohio Supreme Court.

### Post-Conviction Motions

On November 17, 2008, petitioner filed a letter and other documents in the trial court. (Doc. 7, Ex. 20). Construing petitioner's documents to be a motion for judicial release, the trial court denied the motion. (Doc. 7, Ex. 21).

On November 15, 2016, nearly eight years later, petitioner filed a motion to correct sentence, which was denied by the trial court on December 27, 2016. (Doc. 7, Ex. 22). Petitioner unsuccessfully appealed the decision to the Ohio Court of Appeals and Ohio Supreme Court (*see* Doc. 7, Ex. 25, 29, 30 31), which declined to accept jurisdiction of the appeal on January 31, 2018. (Doc. 7, Ex. 32)

**Federal Habeas Corpus**

On April 9, 2019, petitioner commenced the instant federal habeas corpus action.[1] (*See* Doc. 5 at PageID 76). Petitioner raises the following four grounds for relief in the petition:

**GROUND ONE**: Ineffective Assistance of Trial Counsel.

Supporting Facts: Counsel coerced me into signing a plea agreement, including an agreed sentence arrangement that I contested, but felt I had no choice. Counsel clearly did not attempt[] to negotiate any reduction of any sentence in this matter, and permitted and prompted his client to a sentence for 30 definite years.

**GROUND TWO**: Pleas was not knowingly, intelligently, and voluntarily entered. The court's colloquy was minimum at most, without a determination of why a 21 year old would make such an agreement.

Supporting Facts: When the plea was entered I was answering the questions as I was told to as instructed by my attorney, I was ordered to lie and accept the terms even though I did not want to do such. I was in fear that if I did not, I would be in greater trouble.

**GROUND THREE:** The trial Court failed to apply all statutes within the realm of due process and equal protection of laws.

Supporting Facts: The General Ass[e]mbly enacted various statutes which are required to be considered and applied in an effort to provide for a defendant's due process and [e]qual protection rights.

(Doc. 5 at PageID 66–69).

Respondent has filed a return of writ in opposition to the petition. (Doc. 8). According to respondent petitioner's grounds for relief are time-barred, procedurally defaulted, and without merit. Petitioner has filed a reply to the return of writ. (Doc. 10).

---

[1] The petition was filed with the Court on April 15, 2019. (*See* Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on April 9, 2019. (*See* Doc. 5 at PageID 76). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on April 9, 2019.

**II. THE PETITION SHOULD BE DENIED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his grounds for relief are governed by the one-year statute of

4

limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on April 25, 2005, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's March 25, 2005 sentencing. *See* Ohio R. App. P. 4(A). The statute commenced running on April 26, 2005, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on April 26, 2006, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications

5

rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 556 days, from April 26, 2005 until October 3, 2006, when petitioner filed his delayed appeal motion (Doc. 5, Ex. 18), the first of petitioner's post-conviction motions. Because petitioner's application was filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602. Therefore, petitioner is not entitled to statutory tolling based on the untimely application. *See Allen,* 552 U.S. at 5-6; *see also Pace*, 544 U.S. at 413-14; *Vroman,* 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at

750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. Petitioner claims his delayed appeal motion was due in part to his inability to obtain assistance from a public defender and resulting reliance on jail-house lawyers. (Doc. 10 at PageID 378). Petitioner further claims that he only learned of the ability to file a delayed appeal from a prison law library clerk. (*Id.* at PageID 383).[2] However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient

---

[2] Even if petitioner's delay in filing a direct appeal could be excused by the failure of his attorney to explain his appellate rights, petitioner does not explain the lengthy delay from his October 3, 2006 motion for a delayed appeal and his April 9, 2019 habeas corpus petition.

justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).[3]

Furthermore, although petitioner argues he diligently pursued his claims in the Ohio courts, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited nearly fourteen years—from April 26, 2005 until April 9, 2019—to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . .

---

[3] In his reply, petitioner also mentions that he and his family unsuccessfully attempted to procure transcripts. (*See* Doc. 10 at PageID 377–78). However, "the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." *Hall v. Warden*, 662 F.3d 745, 750–51 (6th Cir. 2011).

. new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became final on April 25, 2005 and expired on April 26, 2006. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, petitioner's habeas corpus petition, filed on April 9, 2019 is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

9

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUGLAS TAYLOR,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
    Respondent.

Case No. 1:19-cv-273

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11