UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DOUGLAS TAYLOR,**

    **Petitioner,**

    v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 1:19-cv-273
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman**

## ORDER

On May 13, 2020, Magistrate Judge Bowman issued a Report and Recommendation (the "R&R") (Doc. 12), which found that the one-year statute of limitations governing federal habeas actions brought under 28 U.S.C. 2254 bars Petitioner Douglas Taylor's Petition. (Doc. 5). More specifically, Magistrate Judge Bowman concluded that, under the applicable limitation provision set forth in 28 U.S.C. § 2244(d)(1)(A), Taylor's conviction and sentence, which he attacks in his Petition, became final on April 25, 2005, and thus the limitations period expired on April 26, 2006. Magistrate Judge Bowman further concluded that no statutory or equitable tolling principles apply here. Thus, as Taylor filed his Petition on April 9, 2019, nearly 13 years after the applicable deadline had passed, Magistrate Judge Bowman found that Taylor's Petition is time-barred, and so recommended that this Court deny with prejudice Taylor's Petition. (Doc. 5). The R&R then advised the Parties that a failure to object within the 14 days specified by the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See*

Doc. 12, #404 (first citing *Thomas v. Arn*, 474 U.S. 140, 149–53 (1985); then *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)).

Now, the time period for objection has run, and no party has objected. 28 U.S.C. § 636(b)(1)(C). "There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas*, 474 U.S. at 152; *see also Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019) (noting "*fail[ure] to file* an objection to the magistrate judge's R&R … is forfeiture, not waiver") (emphasis in original).

Thus, the Court **ADOPTS** and **AFFIRMS** Magistrate Judge Bowman's R&R (Doc. 12), **DENIES WITH PREJUDICE** Taylor's Petition for Writ of Habeas Corpus (Doc. 5), and **DIRECTS** the Clerk to enter judgment accordingly. Moreover, as Magistrate Judge Bowman further recommended, the Court **DENIES** Taylor a certificate of appealability with respect to any claims Taylor alleges in his Petition as Magistrate Judge Bowman found that "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. Finally, the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith, and thus, **DENIES** Taylor leave to appeal *in forma pauperis* upon a showing of financial necessity.

**SO ORDERED.**

June 18, 2020
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**